Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6324 | **DATE** | 11/2/2004 |
| **CASE TITLE** | Mastrogiovanni vs. Sony Music Entertainment | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment on the breach of contract claim. The court having previously dismissed count II of the complaint, judgment is now entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 3 - 2004 date docketed | |
| | Docketing to mail notices. | | | 42 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom MPJ deputy's initials | | 11/2/2004 date mailed notice | |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

MICHAEL MASTROGIOVANNI,           )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   No. 03 C 6324
                                  )
SONY MUSIC ENTERTAINMENT,         )
INC.,                             )
                                  )
        Defendant.                )
                                  )

## MEMORANDUM OPINION AND ORDER

In 1992, plaintiff Michael Mastrogiovanni began working for defendant Sony Music Entertainment, Inc. ("Sony"), a foreign corporation with its principal place of business in New York, at Sony Discos in Miami, Florida. That location closed in 1999, and Mr. Mastrogiovanni was relocated to Sony's facility in Bolingbrook, Illinois, where he became Warehouse Returns Manager. His immediate supervisor was Paul White, Director of the National Return Center; Mr. White reported to the highest-ranking Sony official at the Bolingbrook facility, Patrick Van Blaricom, the Senior Director Warehousing Distribution. On May 1, 2003, Mr. Mastrogiovanni left work at approximately 4:40 p.m. through a door marked Post B. Employees were not supposed to exit via Post B after 4:30 p.m. Mr. Van Blaricom decided to terminate Mr. Mastrogiovanni's employment as a result of this violation, and he was fired on May 7, 2003. Mr. Mastrogiovanni then filed the instant suit against Sony, alleging breach of contract and reckless infliction of emotional distress.

Sony successfully moved to dismiss the emotional distress claim for failure to state a claim and now moves for summary judgment on the breach of contract claim. I grant the motion.

The essence of Mr. Mastrogiovanni's theory is that statements in the employee manual Sony issued to him and the admitted policies of Sony executives created a contract establishing Mr. Mastrogiovanni's right to "progressive discipline" if he violated company rules. In other words, severe infractions such as stealing would be punished more harshly than minor ones such as tardiness. Summarily dismissing him for the *de minimis* infraction of exiting through a door ten minutes too late, he argues, was a violation of that contract.

On a motion for summary judgment, I evaluate the admissible evidence in the light most favorable to the non-moving party and grant the motion only if the evidence shows that there is no genuine issue of material fact. *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002). The presence or absence of a contract is a question of law for the court to decide. *See Habighurst v. Edlong Corp.*, 568 N.E.2d 226, 229 (Ill. App. Ct. 1991). Statements in employee handbooks may create enforceable contractual rights where traditional contract elements are present. *Duldulao v. St. Mary of Nazareth Hospital*, 505 N.E.2d 314, 318 (Ill. 1987). First, the text of the statement must be clear enough that an employee would reasonably believe that an offer had been made. Second, the

statement must be distributed to the employee in such a manner that the employee is made aware of its contents and reasonably believes an offer has been made. Third, the employee must accept the offer by beginning or continuing to work after learning of the statement. *Id.* In order to meet this standard, the language in the document must be "phrased in an unequivocal mandatory manner" and it cannot be disclaimed by other policy statements. *Weiss v. N.Y. Life Ins. Co.*, No. 94-C7023, 1995 U.S. Dist. LEXIS 3179, at *6-7 (N.D. Ill. Mar. 13, 1995) (Aspen, J.). A number of courts have found contracts based on statements in employee manuals under this standard. *See Duldulao*, 505 N.E.2d at 316 (finding a contract where the handbook distinguished between "probationary" and "permanent" employees and stated that the latter could be terminated only with "proper notice and investigation"); *Robinson v. McKinley Cmty. Servs., Inc.*, 19 F.3d 359, 361-62 (7th Cir. 1994) (finding a contract where an employer's offer letter and manual referred to "tenure" and "permanent employment" and outlined a procedure for suspending that status for cause prior to termination); *Vajda v. Arthur Andersen & Co.*, 624 N.E.2d 1343, 1345 (Ill. App. Ct. 1993) (finding a contract where a partner of the employer firm admitted to a company policy of requiring good cause for discharge, as described in a procedural manual).

The parties disagree as to which version of the Sony handbook had been provided to Mr. Mastrogiovanni. Sony claims that every

version of the handbook contained a prominent disclaimer stating that the handbook is not a contract. Mr. Mastrogiovanni insists that the only version of the handbook provided to him contained no disclaimer. I need not consider this factual conflict, however, because I find that the handbook language was too vague to constitute an enforceable contract even in the absence of a disclaimer. The employee handbooks which were held to create contractual rights in the cases Mr. Mastrogiovanni relies on, such as *Duldulao* and *Mitchell v. Jewel Food Stores, Inc.*, 568 N.E.2d 827 (Ill. 1990), uniformly include mandatory language. *See Duldulao*, 505 N.E.2d at 317 ("'Permanent employees are never dismissed without prior written admonitions'"); *Mitchell*, 568 N.E.2d at 828 ("[S]uch employee shall not be suspended, discharged, or otherwise disciplined without just cause'"). Sony's manual, in contrast, states that progressive procedures "should be followed," that a written warning "should be issued," etc. Such "should" statements are not enforceable promises, as statements that supervisors "must" or are "required" to use progressive discipline might be; the language is suggestive rather than mandatory. *Boulay v. Impell Corp.*, 939 F.2d 480, 482 (7th Cir. 1991) (finding no contract where an employee manual provided that termination "should" occur only when corrective counseling has failed); *Weiss*, 1995 U.S. Dist.

4

LEXIS 3179, at *8 (applying *Boulay*). Sony's motion for summary judgment on the breach of contract claim is granted.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: November 2, 2004